*322
 
 Opinion
 

 FLEMING, Acting P. J.
 

 Defendant appeals from the judgment entered following a juiy trial that resulted in his conviction for burglary. He contends: “I. Prejudicial error occurred when the trial court instructed the juiy in the disjunctive, that appellant could be found guilty of burglary if he entered Pacoima T.V. with the specific intent to commit larceny
 
 or
 
 with the specific intent to receive stolen property. (CT 32.) II. The prejudicial effect of the foregoing error was compounded by the trial court’s refusal to instruct the jury as per appellant’s request. III. The trial court abused its discretion in denying appellant’s motion to suppress the use of his robbery conviction for impeachment purposes.”
 

 The procedural facts determinative of the one fundamental issue tendered by this appeal are not in dispute. On the afternoon of August 4, 1976, appellant and one Lee Richardson broke the lock on the front door of the Pacoima T.V. shop, a shop wherein its owner kept television sets he had purchased at swap meets for repair and sale. When the police arrived on the scene after a few items had been removed and placed in appellant’s car, appellant informed them, “We are helping the owner take this stuff out for safe-keeping” because the store “was supposed to be ripped off that night.” At trial the owner of the store, Roland Teal, known as Lucky, denied that.he had instructed appellant to enter his store for any purpose, or that he had given him permission so to do. However, he admitted that he had known appellant for some time, knew he was an ex-felon, and, in fact, had spoken with him at one of his bars only 35 minutes before learning that the police had apprehended appellant at the television shop.
 

 In defense appellant testified that Teal had promised to “give us $200. and give me a position as a security officer” if appellant would remove certain designated items from Teal’s store. Originally it had been planned that the manager of the store would open it for appellant but, since this party unexpectedly had been arrested on the morning of the 4th, Teal assertedly had told appellant, “Break in. You got permission. If anything happens, I mean go wrong, I would take care of it.” Appellant was also told that the merchandise to be taken would be found segregated in a certain location within the store and a van would arrive to aid appellant in transporting the more bulky items.
 

 When asked why, in his opinion, Teal might have wished his own property tó be moved about in such an unusual fashion, appellant
 
 *323
 
 indicated that he suspected Teal was a fence who was dealing in stolen property. He did not specifically inquire as to Teal’s motives, however, since, he asserted, “you don’t ask, not that man, questions. You just do it.” When asked if he had considered “just stealing the stuff and reselling it, yourself,” appellant replied, “You don’t steal from that man, Mr. Lucky, and expect to live. He will have you killed.”
 

 I.
 

 It is clear, of course, that if appellant’s version of the facts were to be credited he would not have been guilty of burglary although he might have aided and abetted Teal in concealing stolen property if, in fact, the property was stolen.
 
 [1]
 
 This is true, the Supreme Court has recently said, because “[t]he cases have preserved the common law principle that in order for burglary to occur,
 
 "The entry must be without consent. If the possessor actually invites the defendant, or actively assists in the entrance, e.g., by opening a door, there is no burglary.’
 
 [Citation.] [¶] Thus, section 459, while substantially changing common law burglary, has retained two important aspects of that crime. A burglary remains an entry which invades a possessory right in a building. And it still must be committed by a person who has no right to be in the building.”
 
 (People
 
 v.
 
 Gauze,
 
 15 Cal.3d 709, 713-714 [125 Cal.Rptr. 773, 542 P.2d 1365]; italics added.) Clearly an entry into the possessor’s premises for the purpose of carrying out the possessor’s instructions is not burglary.
 

 Despite the foregoing legal proposition, however, after both sides had rested the prosecution moved to amend the information to conform to “the evidence that has been presented now by defendant’s testimony, that he entered the T.V. store not to commit theft, but to conceal stolen property which is a felony and People submit that is—this amendment would go to the proof that has been shown here in Court.” Over appellant’s objection this informal amendment was allowed.
 

 We need not consider the many arguments made below and on this appeal concerning the proper manner in which the jury should have been instructed on the proposition that a consensual entry into premises to carry out the possessor’s business may render the invitee, and presumably also the possessor-invitor, guilty of burglarizing the latter’s
 
 *324
 
 own premises if the latter, as the invitee suspects, has been engaged, or is presently engaged, or is about to engage, in felonious conduct vis-a-vis unknown third persons.
 
 [2]
 
 No rational instructions on such theoiy were possible since, its premises remained unproved.
 

 The defendant’s own story suggests he was engaged in some criminal activity—conspiracy, receiving stolen property, insurance fraud—but it rebuts the charge of burglary. Defendant was entitled to have the jury instructed on his theory of the case, i.e. that he entered the possessor’s premises with the possessor’s consent in order to carry out the possessor’s instructions. If he had such consent his entry did not become burglary merely because the possessor himself had engaged, was engaging, or was about to engage, in criminal activity.
 

 II
 

 We find no merit in appellant’s contention that the court abused its discretion in allowing appellant’s impeachment by means of a six-year-old conviction for robbery. Such impeachment falls within the area of trial-court discretion.
 

 The judgment is reversed.
 

 Compton, J., and Beach, J., concurred.
 

 [1]
 

 There was no evidence that any of the property involved was stolen despite appellant’s expressed suspicions. Teal stoutly denied that he ever knowingly purchased or possessed stolen property.
 

 [2]
 

 Although under the court’s instructions appellant was guilty regardless of whose testimony was credited, the jury deadlocked until the court gave them a special instruction indicating, in essence, that appellant’s acknowledged suspicions that Teal’s property was stolen were sufficient to convict, regardless of the property’s actual character.